United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| YAINEL MATURELL FERNANDEZ, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-08380 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| TODD LYONS, *et al*, Respondents. | § | |

## OPINION AND ORDER ON DISMISSAL

Petitioner Yainel Maturell Fernandez proceeds here *pro se*. He filed a petition for writ of *habeas corpus* under 28 USC §2241 on September 25, 2026. Dkt 1. He asserts lawful presence in the United States and contends that his current detention violates the Due Process Clause of the Fifth Amendment. Id at 7-10.

He alleges that he (i) entered the United States illegally in 2016, (ii) later became a lawful permanent resident, (iii) pleaded guilty to a charge of credit or debit card abuse in December 2021, (iv) pleaded guilty to a charge relating to fraudulent possession or use of a credit card in April 2022, and (v) pleaded guilty to a charge of credit or debit card abuse of an elderly person in June 2024. Id at 4–7. He acknowledges that an immigration judge found him deportable under 8 USC §1227(a)(2)(A)(ii) and ordered him removed based on his multiple criminal convictions. Id at 7. He maintains that he intends to appeal that order to challenge the finding that his convictions arose from separate criminal schemes, but he hasn't yet done so, and the time to appeal hasn't yet expired. Id at 7– 8.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is subject to summary dismissal if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting Rule 4 of the Rules Governing Section 2254 Cases. See also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions).

The petition makes clear that Petitioner's removal order isn't yet final. Dkt 1 at 7–8. As such, he isn't detained under 8 USC §1231, and the presumptively constitutional six-month post-final-order detention period provided by *Zadvydas v Davis*, 533 US 678 (2001), hasn't yet begun. The propriety of his detention instead proceeds under 8 USC §1226(c).

The immigration judge found Petitioner deportable under §1227(a)(2)(A)(ii), which declares deportable any alien convicted of two or more crimes of moral turpitude that don't arise out of a single scheme of criminal misconduct. Dkt 1 at 7. In turn, §1226(c)(1)(B) requires the detention of persons deportable under §1227(a)(2)(A)(ii). Release from detention is permitted only if the Attorney General determines, in the exercise of discretion, that (i) release is necessary for witness protection, and (ii) the person doesn't pose a danger to the community and isn't a flight risk. See 8 USC §1226(c)(4).

The Supreme Court holds that persons detained under §1226(c) "are not entitled to be released under any circumstances other than those expressly recognized by the statute." *Jennings v Rodriguez*, 583 US 281, 303 (2018). The statute also "makes clear that detention of aliens within its scope *must* continue 'pending a decision on whether the alien is to be removed from the United States.'" Ibid, quoting 8 USC §1226(a) (emphasis in

original). Argument that due process requires opportunity for release before that time was expressly rejected:

> In *Demore v Kim,* 538 US at 529, we distinguished §1226(c) from the statutory provision in *Zadvydas* by pointing out that detention under §1226(c) has "a definite termination point": the conclusion of removal proceedings. As we made clear there, that "definite termination point"—and not some arbitrary time limit devised by courts—marks the end of the Government's detention authority under §1226(c).

*Jennings*, 583 US at 304.

Petitioner disputes the finding by the immigration judge that his offenses arose out of different schemes of criminal misconduct, but that is a matter for appeal. He is currently detained under §1226(c) at the discretion of the Attorney General. No jurisdiction exists to review that decision. 8 USC §1226(e).

As such, it appears from the face of the petition that Petitioner is not entitled to relief. The petition will thus be dismissed with prejudice on the basis presently submitted.

* * *

The petition for writ of *habeas corpus* by Petitioner Yainel Maturell Fernandez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

Any pending motions are DENIED AS MOOT.

This is a FINAL JUDGMENT.

It is ordered that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on September 29, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge